1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOUREY NEWELL and FELIPE MACHADO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RECREATIONAL EQUIPMENT, INC., a Washington company,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Jourey Newell ("Newell") and Felipe Machado ("Machado") (collectively referred to as "Plaintiffs") bring this class action complaint and demand for jury trial against Defendant Recreational Equipment, Inc. ("REI" or "Defendant") to stop REI from violating the Electronic Funds Transfer Act, 15 U.S.C. 1693, *et seq.* (the "EFTA"), and Washington's unfair business practices law, RCW 19.86.020, by issuing gift cards that expired earlier than 5 years after the date on which the gift cards were issued or funds were last loaded, and to otherwise obtain injunctive and monetary relief for all persons injured by REI's conduct. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to himself and his own acts and

CLASS ACTION COMPLAINT - 1

experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## I. INTRODUCTION

1. In 1978, Congress passed the EFTA to protect consumers by "providing a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer systems." Electronic Fund Transfer Act of 1978, Pub. L. No. 95-630, § 902, 92 Stat. 3728, 3728 (1978).

2. In 2009, Congress passed the Credit Card Accountability, Responsibility and Disclosure Act (the "CARD Act"), amending and extending the EFTA to further protect consumers in connection with their purchase of gift cards and other prepaid cards.

3. Importantly, the EFTA, as amended by the CARD Act, restricts expiration dates on gift cards for the benefit of consumers, making it a violation to issue a gift card with an expiration date earlier than 5 years after the date on which the gift card was issued, or the date on which card funds were last loaded to the gift card. EFTA, 15 U.S.C. § 1693l-1(c).

4. While the CARD Act has resulted in a significant reduction in gift cards that have gone unused, consumers are still deprived of approximately $1 billion in gift card value per year:

CLASS ACTION COMPLAINT - 2

> **The State of Unused Gift Cards**
>
> Spillage remains relatively low in 2015 thanks to the continued impact from 2009's CARD Act on junk fees and expiration dates.
>
> Since 2008, the annual amount of spillage has dropped from close to…
>
> $7 per $100, to…
>
> 2008
>
> …< $0.75 per $100.
>
> Now
>
> That's still a sizable amount: based on 2015's gift card revenue, it adds up to **$973 million**.[1]

5.  As a result, to deter companies from illegally frustrating consumers' use of gift cards, companies that are found to have violated the EFTA are liable to consumers for the actual damages they sustained (i.e., the lost value of their gift cards), statutory damages, and reasonable attorneys' fees and costs.  EFTA, 15 U.S.C. § 1693m(a).

6.  Consistent with the EFTA, in 2004, "to protect consumers," the Washington legislature passed a gift card expiration law "prohibit[ing] acts and practices of retailers that deprive consumers of the full value of gift [cards], such as expiration dates …." RCW 19.240.005.  Accordingly, imposing expiration dates on gift cards is a *per se* unfair business practice.  *See* RCW 19.86.093(2).

7.  To deter unfair business practices, companies that are found to have violated Washington's unfair business practices law by, among other things, illegally imposing

---

[1] CEB Global, *Gift Cards State of the Union* (https://www.cebglobal.com/content/dam/cebglobal/us/EN/best-practices-decision-support/financial-services/images/infographics/gift-cards-growth-and-risk-in-2015.pdf).

CLASS ACTION COMPLAINT - 3

expiration dates on gift cards are liable to consumers for up to three times the actual damages they sustained (i.e., the value of the gift cards of which they have been deprived) and reasonable attorneys' fees and costs. RCW § 19.86.090. Washington's unfair business practices law also provides for an injunction to enjoin further unfair business practices. *Id*.

8. In this case, Plaintiffs, individually and on behalf of all others similarly situated brings claims against REI pursuant to the EFTA and Washington's unfair business practices law for damages and injunctive relief arising from REI's issuance of gift cards that expire in less than 5 years, which unfairly deprived consumers of the full value of those gift cards.

## II. PARTIES

9. Plaintiff Newell is a Pennsylvania resident.

10. Plaintiff Machado is a California resident.

11. REI is a Washington company headquartered in this District.

## III. JURISDICTION AND VENUE

12. This Court has diversity jurisdiction of this action under 28 U.S.C. § 1332(d), as the aggregate claims of the members of the putative Class exceed $5 million, exclusive of costs, and at least two members of the proposed Class are citizens of a different state than REI.

13. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, and because the wrongful conduct giving rise to this case was directed from this District.

## IV. COMMON ALLEGATIONS

14. REI is a sporting goods cooperative owned by its members. Membership in REI is marketed to the general public for a fee.

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

15. As part of its business REI issues an annual divided to members. The annual dividend is members' share of the cooperative's annual profits. Each member receives a dividend that is a certain percentage of the amount the member spent at REI in the prior year. If a member has not spent any money at REI in the prior year, the member does not receive a dividend.

16. The member dividend is distinguished by REI from "rewards from purchases" that members can earn by using an REI branded credit card to make purchases.

17. REI issues members dividends in the form of a gift card both in paper and electronic form.

18. The gift cards are redeemable only at REI.

19. The gift cards are issued in a specified amount and are not reloadable.

20. The gift cards are purchased on a prepaid basis in exchange for payment.

21. The gift cards are honored upon presentation to REI for goods or services.

22. The gift cards do not include a statement on the front of the cards indicating that the cards are issued for loyalty, reward, or promotional purposes.

23. And, most importantly, the gift cards expire earlier than 5 years after the date on which the gift cards are issued, or the date on which funds are last loaded to the gift cards. In fact, every year, on a single day in January every member gift card issued 2 years prior expires. (For example, in January 2019 every gift card REI issued in March 2017 expired.)

24. As a result, every year, REI members are deprived of the full value of the gift cards they paid membership fees and spent money on REI products to receive:

- Hi REI! I've been a member for the better part of a decade. In that time I've really loved your stores and the whole vibe you've had. … Recently however I came across a card buried in my wallet that was a reminder that I had dividends that had expired a few weeks ago. This is when I realized, in the

CLASS ACTION COMPLAINT - 5

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

past year or so I no longer had been asked while I was shopping at your stores if I wanted to use my dividend towards my purchase. … I contacted your customer service online (via email) to confirm I indeed had lost my dividend in the prior weeks and why had REI changed it's policy on informing members they could apply their dividend to their purchase. As this change in policy would signal an unwillingness for those dividends to be spent so they could expire and REI could recoup a potential loss.[2]

- Disappointed in @rei. Just went 2 spend my dividend & sales staff said half expired 4 days ago.[3]

## V.  PLAINTIFFS' ALLEGATIONS

25. Plaintiff Newell is an REI member who paid a fee to become a member.

26. In 2015, Plaintiff Newell purchased REI goods, entitling him to a dividend.

27. In 2016, REI issued Plaintiff Newell a dividend in the form of a gift card.

28. In early 2018, Newell's gift card expired.

29. As a result of the expiration of the gift card, Plaintiff Newell was deprived of the unused balance on the gift card.

30. Plaintiff Machado is an REI member who paid a fee to become a member.

31. In 2016, Plaintiff Machado purchased REI goods, entitling him to a dividend.

32. In 2017, REI issued Plaintiff Machado a dividend in the form of a gift card.

33. In early 2019, Plaintiff Machado's gift card expired.

34. As a result of the expiration of the gift card, Plaintiff Machado was deprived of the unused balance on the gift card.

---

[2] REI member, Complaint (https://www.facebook.com/REI/posts/hi-rei-ive-been-a-member-for-the-better-part-of-a-decade-in-that-time-ive-really/10156087652496484/).

[3] REI member, Complaint (https://twitter.com/rei/status/420266943254642689?lang=en).

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

## VI.  CLASS ALLEGATIONS

35. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> All persons in the United States to whom REI issued a member dividend in the form of a gift card and whose gift card expired during the relevant limitations period.

36. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiffs anticipate the need to amend the Class definition following appropriate discovery.

37. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether the form in which REI issues the member dividend constitutes a gift card;

CLASS ACTION COMPLAINT - 7

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

(b) whether the gift cards have an impermissible expiration date;

(c) whether Defendant's conduct constitutes a violation of the EFTA;

(d) whether Defendant's conduct constitutes a violation of Washington's unfair business practices law; and

(e) whether members of the Class are entitled to statutory damages and/or treble damages in addition to actual damages, attorneys' fees, and costs.

39. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel has any interest adverse to the Class.

40. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### VII.  FIRST CAUSE OF ACTION
### Electronic Funds Transfer Act
### (Violations of 15 U.S.C. 1693, *et seq.*)
### (On Behalf of Plaintiff Machado and the Class)

41. Plaintiff Machado repeats and realleges paragraphs 1 through 40 of this complaint and incorporates them by reference.

42. The EFTA, as amended by the CARD Act, restricts expiration dates on gift cards, making it a violation to issue a gift card with an expiration date earlier than 5 years after the date on which the gift card was issued, or the date on which card funds were last loaded to the gift card.  EFTA, 15 U.S.C. § 1693l-1(c).

43. REI issued gift cards to Plaintiff Machado and members of the Class that were subject to expiration dates earlier than 5 years after the dates on which they were issued, or the dates on which funds were last loaded to the gift cards.

44. In doing so, REI deprived Plaintiffs and Class members of the unused balance of any gift cards that expired.

45. As a result, REI has violated the EFTA, and, pursuant to 15 U.S.C. § 1693m, Plaintiff Machado and members of the Class are entitled to actual damages and statutory damages to be determined by the Court, as well as reasonable attorneys' fees, the cost of this action, and all other relief available under the EFTA.

CLASS ACTION COMPLAINT - 9

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

## VIII. SECOND CAUSE OF ACTION
### Washington Unfair Business Practices Law
### (Violation of RCW 19.86.020)
### (On Behalf of Plaintiff Newell and the Class)

46. Plaintiff Newell repeats and realleges the paragraphs 1 through 40 of this complaint and incorporates them by reference.

47. Washington's gift certificate law restricts expiration dates on gift cards, making it a violation to issue a gift card with any expiration date.

48. Washington's unfair business practices law prohibits unfair business practices including violations of Washington's gift certificate law.

49. REI issued gift cards to Plaintiff Newell and members of the Class that were subject to expiration dates.

50. In doing so REI deprived Plaintiff Newell and Class members of the unused balance of any gift cards that expired.

51. As a result, REI has violated Washington's unfair business practices law, and, pursuant to RCW 19.86.090, Plaintiff Newell and members of the Class are entitled to actual damages that may be trebled by the Court and injunctive relief, as well as reasonable attorneys' fees, the cost of this action, and all other relief available under Washington's consumer protection statutes.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for the following relief:

a) An order certifying the Class as defined above, and appointing Plaintiffs as the representatives of the Class and their attorneys as Class Counsel;

CLASS ACTION COMPLAINT - 10

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

b) An award of actual damages, trebled actual damages, statutory damages, reasonable attorneys' fees, and costs;

c) An order declaring that REI's actions, as set out above, violate the EFTA and Washington's gift certificate and unfair business practices laws;

d) An injunction requiring Defendant to cease issuing member dividends in the form of gift cards with an expiration date; and

e) Such further and other relief as the Court deems just and proper.

## X. JURY DEMAND

Plaintiffs request a jury trial.

RESPECTFULLY SUBMITTED AND DATED this 3rd day of May, 2019.

TURKE & STRAUSS LLP

By:  /s/ Samuel J. Strauss, WSBA #46971
Samuel J. Strauss, WSBA #46971
Email: sam@turkestrauss.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT - 11

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com