UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOUREY NEWELL and FELIPE MACHADO, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

RECREATIONAL EQUIPMENT INC.,

Defendant.

C19-662 TSZ

ORDER

THIS MATTER comes before the Court on Defendant Recreational Equipment Inc.'s ("REI") Motion to Dismiss, docket no. 21. Having reviewed all papers filed in support of and in opposition to the motion, the Court enters the following order.

**Background**

REI is a sporting goods consumer cooperative owned by its members.[1] First Amended Complaint ("FAC") ¶ 15 (docket no. 17). REI does not issue capital stock or have shareholders; rather, REI places control of the company in its "members"—

---

[1] According to the company's bylaws, REI is organized as a consumer cooperative under RCW 24.06.032. Ex. 1 to Todaro Decl. (docket no. 22-1 at 2). The Court incorporates REI's bylaws by reference because no party questions their authenticity, the complaint refers to them, and they are central to Plaintiffs' claims. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

ORDER - 1

members of the public that become REI members for a fee. *Id.* As a consumer cooperative, REI distributes its net earnings back to its members in the form of patronage dividends. *Id.* ¶ 16. The amount of each member's dividend is calculated as a percentage of the amount each member spent at REI in the prior year. *Id.* REI's Board of Directors retains the discretion to determine both the amount and form of patronage dividends each year, as well as whether or not they are issued at all. FAC ¶ 18; Ex. 1 to Todaro Decl. (docket no. 22-1 at 8). REI issues patronage dividends on a yearly basis either by loading them on mailed paper cards or emailed URLs. FAC ¶ 19. Members' dividends expire the second January 3rd after issuance.[2] FAC ¶ 26; Ex. 1 to Todaro Decl. (docket no. 22-1 at 9). The dividends are associated solely with each member's number, are non-transferrable, and are redeemable and honored only at REI for the purchase of REI items. FAC ¶¶ 20-21; Defendant's Motion to Dismiss at 10-11 (docket no. 21).

Plaintiffs Newell and Machado paid fees to become REI members. FAC ¶¶ 28, 33. In 2015, Newell made purchases at REI, and in 2016, REI issued Newell a dividend. *Id.* ¶¶ 29-30. In January 2018, Newell's unused dividend expired. *Id.* ¶ 31. In 2016, Machado made purchases at REI, and he received a dividend in 2017. *Id.* ¶¶ 34-35. In 2019, Machado's dividend expired. *Id.* ¶ 36.

Plaintiffs now sue under two statutes regulating the use of expiration dates on gift cards: the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r, and Washington statute, RCW 19.240.020. The EFTA prohibits the issuance of gift cards with expiration dates less than 5 years after the date the gift card was issued, or the date

---

[2] For example, in January 2019, every dividend REI issued in March 2017 expired.

ORDER - 2

1  the card funds were last loaded to the gift card. 15 U.S.C. § 1693l-1(c). RCW 19.86.020

2  prohibits the issuance of gift cards with any expiration date. Plaintiffs allege that REI's

3  patronage dividends violate both the EFTA and RCW 19.240.020 because they expire

4  less than two years after issuance.

5  **Discussion**

6      "To survive a motion to dismiss, a complaint must contain sufficient factual

7  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

8  *v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

9  570 (2007)). The complaint must indicate more than mere speculation of a right to relief.

10 *Twombly*, 550 U.S. at 555, and the pleading is not sufficient "if it tenders 'naked

11 assertions' devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting

12 *Twombly*, 550 U.S. at 557). In ruling on a motion to dismiss, the Court must assume the

13 truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's

14 favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The question for

15 the Court is whether the facts in the complaint sufficiently state a "plausible" ground for

16 relief. *Twombly*, 550 U.S. at 570.

17     Plaintiffs' Amended Complaint fails to state a claim for which relief can be

18 granted, because even assuming every fact alleged in the Amended Complaint is true,

19 REI's dividends are not subject to the gift card requirements in either 15 U.S.C. § 1693l-1

20 or RCW 19.240.020. Plaintiffs' Amended Complaint is DISMISSED with prejudice

21 because Plaintiffs cannot replead to correct their legal errors.

22

23

## A. Electronic Funds Transfer Act ("EFTA") and Credit Card Accountability and Disclosure Act ("CARD"), 15 U.S.C. § 1693l-1

The EFTA provides that "it shall be unlawful for any person to sell or issue a gift certificate, store gift card, or general-use prepaid card that is subject to an expiration date." 15 U.S.C. § 1693l-1(c)(1). The EFTA provides, in part, as follows:

> The term "store gift card" means an electronic promise, plastic card, or other payment code or device that is—
>
> (i) redeemable at a single merchant or an affiliated group of merchants that share the same name, mark, or logo;
>
> (ii) issued in a specified amount, whether or not that amount may be increased in value or reloaded at the request of the holder;
>
> (iii) purchased on a prepaid basis in exchange for payment; and
>
> (iv) honored upon presentation by such single merchant or affiliated group of merchants for goods or services.

15 U.S.C. § 1693l-1(a)(2)(C). The Official Staff Interpretations of EFTA[3] provide that "[a] card, code, or other device that meets the definition in [the EFTA] includes an electronic promise." 12 C.F.R. § Pt. 1005, Supp. I. The Regulation promulgated to enforce the EFTA, Regulation E, further provides that an "electronic promise" means "a person's commitment or obligation communicated or stored in electronic form made to a consumer to provide payment for goods or services for transactions initiated by the consumer." 12 C.F.R. § Pt. 205, Supp. I.

---

[3] The Board of Governors of the Federal Reserve System drafted the regulations—also known as Regulation E—enforcing the EFTA. *See* 12 C.F.R. § 205.1 (2010). The Board also designated its Director of Consumer and Community Affairs to issue official staff interpretations of the regulations which it published in 12 C.F.R. § Pt. 1005, Supp. I.

ORDER - 4

REI's patronage dividends do not fall within the definition of gift card under the EFTA because they are not "electronic promise[s]" "purchased on a prepaid basis <u>in exchange</u> for payment." 15 U.S.C. § 1693l-1(a)(2)(C) (emphasis added).

Article V of REI's bylaws governs the company's dividends. It states that "[t]he REI Board may elect not to declare or distribute a patronage dividend of net distributable surplus for any calendar year if it determines that such election is in the best interest of REI." Ex. 1 to Todaro Decl. (docket no. 22-1 at 8). Thus, REI's patronage dividends are not "purchased on a prepaid basis in exchange for payment" because a member cannot purchase a patronage dividend.

Further, whether REI decides to issue a dividend is purely at the discretion of REI's board, and thus the dividends are not "electronic promises" "purchased on a prepaid basis in exchange for payment" as required by the EFTA. *See* 12 C.F.R. § Pt. 205, Supp. I (defining "electronic promise" as a commitment); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1106-07 (9th Cir. 2009) (defining promise as "a manifestation of an intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made") (citing Restatement (Second) of Contracts § 2 (1)).

Plaintiffs cite no relevant law, arguments, or facts to the contrary. Rather, in response, Plaintiffs allege that REI's membership dividends are governed by the EFTA because "by paying a membership fee to a cooperative in return for the right to a patronage dividend, a member has made 'payment of goods and services,'" and thus "the member has purchased the patronage dividend on a prepaid basis in exchange for the membership fee." Plaintiffs' Response to Motion to Dismiss (docket no. 25 at 8). That

argument is irrelevant to the EFTA, because a cooperative membership is entirely different from the member patronage dividends at issue in the Amended Complaint. Moreover, by that logic, only the "right to a patronage dividend" is "purchased in exchange for payment" and thus only that "right" (i.e. the REI *membership*)—not the dividends themselves—would be governed by the EFTA.

Plaintiffs also cite *United Grocers, Ltd. v. U.S.*, for the proposition that by "paying a membership fee to a cooperative in return for the right to a patronage dividend," a member "has purchased the patronage dividend on a prepaid basis in exchange for the membership fee." 308 F.2d 634, 639-40 (9th Cir. 1962); Plaintiffs' Response to Motion to Dismiss (docket no. 25 at 8-9). Notwithstanding that *United Grocers* was issued nearly sixty years ago, long before the passage of either CARD or the EFTA, the analysis in that case deals solely with the classification of *membership fees* as either gross taxable income or capital contributions. It does not address the issue of whether *patronage dividends* themselves are purchased on a prepaid basis in exchange for payment, or whether patronage dividends that are purely discretionary can be considered purchased on a prepaid basis in exchange for payment.

The Court concludes that REI's patronage dividends are not gift cards under the EFTA because they are not "electronic promises" "purchased on a prepaid basis in exchange for payment."[4]

---

[4] Because REI's patronage dividends are not gift cards under the EFTA, the Court would not have to address whether the EFTA's reloadable, loyalty or public marketing exceptions govern REI's patronage dividends. However, it seems clear that these dividends would be excluded under either the EFTA's reloadable or loyalty exceptions.

**B.      Washington's Gift Card Statute, RCW 19.240.020**

Plaintiffs also fail to state a claim under RCW 19.240.020 for the same reason stated in Section A, *supra*.[5]  This claim is also DISMISSED with prejudice.

In 2004, the Washington State Legislature passed RCW 19.240.020 to "prohibit acts and practices of retailers that deprive consumers of the full value of gift certificates, such as expiration dates, service fees, and dormancy and inactivity charges on gift certificates."  RCW 19.240.005.  RCW 19.240.020 provides that "it is unlawful for any person or entity to issue, or to enforce against a bearer, a gift certificate [or gift card] that contains . . . [a]n expiration date."  For the purposes of that section, the Washington Legislature defines "gift certificate" or "gift card" as "an instrument evidencing <u>a promise</u> by the seller or issuer of the record that consumer goods or services will be provided to the bearer of the record [at] the value or credit shown in the record."  RCW 19.240.010 (emphasis added).  Put simply, REI's patronage dividends are not "gift cards" under the Washington statute as a matter of law.[6]

For the same reasons set forth in A(1), *supra*, REI's patronage dividends are not "promises."  Thus, the dividends are not subject to the bar on expiration dates under RCW 19.240.020.

---

[5] Because REI's patronage dividends are not gift cards under RCW 19.240.020, the Court does not need to address whether that statute is in conflict with RCW 23.86.160, the Washington statute governing the distribution of earnings by cooperatives.

[6] The Washington state legislature's intent to exclude dividends from RCW 19.240.020 is clear. RCW 19.240.005 states that the legislature "does not intend that [RCW 19.240.020] . . . be construed to apply to cards or other payment instruments issued for payment of wages or other intangible property" and "that any ambiguities should be resolved by applying the Uniform Unclaimed Property Act."  The Uniform Unclaimed Property act states that "intangible property" includes dividends. RCW 63.29.010 (12).

C.  **Dismissal with Prejudice**

If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). "[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1127 (quoting *Doe v. United* States, 58 F.3d 494, 497 (9th Cir. 1995)).

REI's patronage dividends are not subject to the gift card requirements in either federal or Washington statutes. Because no amount of repleading can change the law, the Court dismisses all claims with prejudice.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's Motion to Dismiss, docket no. 21, is GRANTED. The Court hereby DISMISSES this matter with prejudice.

(2) The Clerk is DIRECTED to enter judgment consistent with this Order, to CLOSE this case, and to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 26th day of September, 2019.

_____
Thomas S. Zilly
United States District Judge

ORDER - 8